IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROSIE LEE COUCH                                                                          PLAINTIFF

vs.                                        Civil No. 4:12-cv-04054

CAROLYN W. COLVIN                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Rosie Lee Couch ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her DIB application on February 25, 2010.  (Tr. 11, 101-102).  Plaintiff alleges being disabled due to back problems, high blood pressure, and "possible diabetes." (Tr. 139).  Plaintiff alleges an onset date of January 1, 2005.  (Tr. 11, 101).  This application was denied initially and again upon reconsideration.  (Tr. 45-46).  Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 55-70).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on December 16, 2010 in Texarkana, Arkansas. (Tr. 19-43). Plaintiff was present and was represented by Greg Giles at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Michael Gartman testified at this hearing. *Id.*

On January 31, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-15). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2005. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of January 1, 2005 through her date last insured of June 30, 2005. (Tr. 13, Finding 3). After reviewing her impairments, the ALJ determined that through her date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment or a severe impairment. (Tr. 13-15, Finding 3). Accordingly, because Plaintiff did not suffer from a severe impairment, the ALJ determined Plaintiff had not been under a disability as defined by the Act at any time from January 1, 2005 (alleged onset date) through June 30, 2005 (date last insured). (Tr. 15, Finding 4).

Thereafter, on February 10, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). The Appeals Council denied this request for review on April 20, 2012. (Tr. 1-3). On May 21, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 13, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

2

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

3

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ erred in the following ways[2]: (1) the ALJ erred by failing to consider her lack of funds to afford treatment from 2003 until 2005 (when her insured status expired); (2) the ALJ erred in finding her back impairment did not meet the requirements of Listing 1.02; (3) the ALJ erred in evaluating the credibility of her subjective complaints; (4) the ALJ erred by failing to assess her RFC; and (5) the ALJ erred by failing to evaluate her limitations in standing and walking.  ECF No. 8 at 7-20.

Because the ALJ completed his analysis at Step 2 by finding Plaintiff had no severe impairments during the relevant time period, the primary issue in this case is whether the ALJ was justified in making that determination and discontinuing his analysis at Step 2.  If the ALJ was justified in discontinuing his analysis at Step 2, then the ALJ was not required to proceed to Steps 3 to 5.  Steps 3 to 5 include a determination of the Listings, an evaluation of Plaintiff's credibility,

---

[2] Plaintiff's argument headers are different from these arguments (1) to (5).  However, upon review of the substance of her briefing, these are actually the arguments Plaintiff has raised.

and an evaluation of Plaintiff's RFC. Plaintiff attacks the ALJ's failure to proceed to Steps 3 to 5 with arguments (2) through (5). The only argument Plaintiff raises directly attacking the ALJ's Step 2 determination is argument (1). Accordingly, after addressing argument (1), if the Court finds the ALJ was justified in discontinuing his analysis at Step 2, the Court need not address the other arguments Plaintiff has raised because they relate to Steps 3 to 5.

As an initial matter, the relevant time period for this case is relatively short in duration. Plaintiff's alleged onset date is January 1, 2005. (Tr. 11, 101). Plaintiff's disability insured status expired on June 30, 2005. (Tr. 13, Finding 1). Accordingly, in this case, the relevant time period is from January 1, 2005 until June 30, 2005. In his analysis, the ALJ in this case focused upon the medical records from that time period.[3] (Tr. 15).

Specifically, in her briefing, Plaintiff claims the ALJ improperly evaluated the medical evidence from this time period. ECF No. 8 at 8-10. Plaintiff recognizes the fact that the medical evidence during this time period is sparse. *Id.* However, Plaintiff claims that in evaluating the sparse medical evidence, the ALJ should have properly considered the fact she could not afford medical treatment which excused her failure to seek such treatment. *Id.* In his opinion, the ALJ did state that Plaintiff reportedly did not have "money or healthcare to see a doctor." (Tr. 14). However, despite the fact Plaintiff reportedly could not afford treatment, the ALJ still found there was not sufficient evidence in the record to demonstrate she suffered from a severe impairment during the relevant time period. (Tr. 15). Plaintiff claims such a determination is in error because the ALJ

---

[3] The ALJ summarized the medical records from before and after this time period, but the ALJ only based his decision upon the records during the relevant time period. (Tr. 13-15). Indeed, the ALJ stated the following in his decision: "For the relevant time period, the alleged onset date of January 15, 2005, through the date last insured of June 30, 2005, there is no objective medical evidence of limiting symptoms or a medical diagnosis." (Tr. 15). Based upon this finding regarding this time period, the ALJ then determined Plaintiff was not disabled.

should have considered her inability to afford treatment. ECF No. 8 at 8-10.

Plaintiff is correct that a claimant's inability to afford treatment should be considered in evaluating whether the claimant's failure to seek medical treatment was excused. *See Benskin v. Bowen,* 830 F.2d 878, 884 (8th Cir. 1987) (holding "lack of financial resources may in some cases justify the failure to seek medical attention"). However, the claimant's bare allegation that he or she cannot afford medical treatment is not sufficient. *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992) (holding the claimant must present evidence of "severe financial hardship" such as a showing that the claimant attempted but failed to obtain low-cost medical treatment or the claimant had been denied medical care "because of . . . [a] financial condition").

In the present action, Plaintiff claims she was unable to afford treatment during 2005. ECF No. 8 at 8-10. However, she testified at the administrative hearing in this matter that she did *not* seek treatment during this time period. (Tr. 26-27). She stated she did not seek treatment because "they[4] told me there was nothing that they could do because I didn't have no money, no insurance." (Tr. 27). Plaintiff does not state whether she even actively sought such low-cost or free treatment.[5] Indeed, her recent records from 2009 forward reflect she has been able to obtain free or low-cost treatment through the AHEC clinic and low-cost prescription medication from Wal-Mart. (Tr. 30). Plaintiff apparently could have–but did not–seek such low cost or free treatment back in 2005 from the same sources.

Further, Plaintiff also testified that even when she could not afford that treatment, she would go through the emergency room to have her back pain treated. (Tr. 25). She had an MRI done in

---

[4] It is unclear who "they" is.

[5] Plaintiff did testify that she did not have health insurance in 2005 or "any ability to get medical expenses paid." (Tr. 30). However, Plaintiff did not testify that during 2005 she had *sought* low-cost or free care or had been denied medical treatment because of her alleged inability to pay for that treatment.

6

January of 2003 through the emergency room. *Id.* She, however, did not go to the emergency room during the relevant time period in 2005 despite her complaints of disabling back pain. (37-38). She claims she did not do so because she was tired of getting bills from the prior treatment she had received and would only be able to pay those bills $5.00 or $10.00 at a time. (Tr. 38). Despite this argument, if her back pain were as severe as she has alleged, she presumably would have sought treatment from the emergency room even if her inability to pay would have resulted in bills that she could pay only $5.00 or $10.00 at a time.

Accordingly, because Plaintiff has not met her burden of demonstrating that a "severe financial hardship" excused her failure to seek treatment during the relevant time period in 2005, the Court finds Plaintiff's failure is not excused. Further, because Plaintiff has not demonstrated the ALJ erred in ending his analysis at Step 2, the Court finds Plaintiff has not met her burden for reversal on this issue, and there is no need to address any of Plaintiff's other arguments for reversal.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of April 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE